983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brent Eli MORRIS, Plaintiff-Appellant,
v.
George FOLEY, Sr., et al., Defendants-Appellees.
 No. 91-15220.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 31, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brent Eli Morris (Morris) appeals the district court's order staying his civil rights action under 42 U.S.C. § 1983 for false arrest and imprisonment and malicious prosecution against his attorney in a criminal proceeding, George Foley, Sr. (Foley), and ten Does. The district court stayed Morris' action pursuant to the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362(a) after Foley filed a Notice of Pending Bankruptcy with the court. (C.R. 12)
 
 
 3
 Morris does not dispute the validity of the stay as to Foley. Rather, he contends the automatic stay provision applies only to Foley, and not to the ten Doe defendants. Since the entire action was stayed, Morris is unable to conduct discovery--e.g., Foley's deposition--to determine the identities of the Doe defendants.
 
 
 4
 Foley argues this court lacks jurisdiction over this appeal because Morris failed to seek relief from the automatic stay provisions in the United States Bankruptcy Court prior to filing his notice of appeal. See 11 U.S.C. § 362(d) and 29 U.S.C. § 158(a). Foley argues that even if this court has jurisdiction over this appeal, Morris does not argue with application of the stay to Foley, and the Doe defendants are not before the court. As such, Morris' appeal is without merit.
 
 
 5
 The automatic stay of 11 U.S.C. § 362(a) is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1205 (3rd Cir.1991) (listing cases). Thus, the stay is inapplicable to the Doe Defendants. As such, the district court erred in staying the entire action.
 
 
 6
 However, the reason Morris seeks an order vacating the stay is so he may take Foley's deposition and determine the identity of the Doe defendants. Morris does not dispute that the stay applies to Foley. Morris did not seek relief from the stay in the United States Bankruptcy Court prior to filing this appeal. See 11 U.S.C. § 362(d); 28 U.S.C. § 158(a). As such, this court lacks jurisdiction over this appeal as to Foley.
 
 CONCLUSION
 
 7
 The district court's order staying this action pursuant to 11 U.S.C. § 362(a) is VACATED as to the Doe Defendants. Since Morris failed to seek relief from the stay before the United States Bankruptcy Court pursuant to 11 U.S.C. § 362(d) before filing this appeal, this court lacks jurisdiction over that portion of the appeal directed toward Foley. As such, Morris' appeal of the stay order, as that order applies to Foley, is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3